UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

KALVAIN LAMAR TATUM,

            Petitioner,

v.                                         Case No:  6:17-cv-2172-Orl-31GJK

SECRETARY, DEPARTMENT OF
CORRECTIONS, and ATTORNEY
GENERAL, STATE OF FLORIDA,

            Respondents.
_____/

## ORDER

THIS CAUSE is before the Court on Petitioner Kalvain Lamar Tatum's Amended

Petition for Writ of Habeas Corpus ("Petition," Doc. 17) filed pursuant to 28 U.S.C. § 2254.

Respondents filed a Response to Amended Petition ("Response," Doc. 18) in compliance

with this Court's instruction. Petitioner was provided an opportunity to file a Reply to

the Response but did not do so.

Petitioner asserts ten grounds for relief. For the following reasons, the Amended

Petition is denied.

## I.      PROCEDURAL HISTORY

Petitioner was charged with two counts of burglary of a structure (Counts One

and Two), grand theft (Count Three), criminal mischief with damage of $1,000 or more

(Count Four), and possession of burglary tools (Count Five). (Doc. 13-1 at 4-7.) A jury

found Petitioner guilty as charged. (Doc. 13-2 at 113-18.) The trial court dismissed the

convictions for Counts Two and Four and sentenced Petitioner to a thirty-year term of imprisonment for Count One and to five-year terms of imprisonment for Counts Three and Five with the sentences to run concurrently. (*Id.* at 126, 129, 136-37.) Petitioner appealed, and the Fifth District Court of Appeal of Florida ("Fifth DCA") affirmed *per curiam*. (Doc. 13-3 at 5.)

Petitioner filed a motion for post-conviction relief pursuant to Rule 3.850 of the Florida Rules of Criminal Procedure, which he amended. (*Id.* at 9-42.) The state court denied the motion. (*Id.* at 47-55.) Petitioner appealed, and the Fifth DCA affirmed *per curiam*. (*Id.* at 103.)

Petitioner filed a state petition for writ of habeas corpus. (Doc. 20-1 at 2-7.) The Fifth DCA dismissed the petition. (*Id.* at 10.)

## II.   LEGAL STANDARDS

### A.   Standard Of Review Under The Antiterrorism Effective Death Penalty Act ("AEDPA")

Pursuant to the Antiterrorism Effective Death Penalty Act, federal habeas relief may not be granted with respect to a claim adjudicated on the merits in state court unless the adjudication of the claim:

(1)    resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2)    resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). The phrase "clearly established Federal law," encompasses only the

holdings of the Supreme Court of the United States "as of the time of the relevant state-court decision." *Williams v. Taylor*, 529 U.S. 362, 412 (2000).

"[S]ection 2254(d)(1) provides two separate bases for reviewing state court decisions; the 'contrary to' and 'unreasonable application' clauses articulate independent considerations a federal court must consider." *Maharaj v. Sec'y for Dep't of Corr.*, 432 F.3d 1292, 1308 (11th Cir. 2005). The meaning of the clauses was discussed by the Eleventh Circuit Court of Appeals in *Parker v. Head*, 244 F.3d 831, 835 (11th Cir. 2001):

> Under the "contrary to" clause, a federal court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the United States Supreme Court] on a question of law or if the state court decides a case differently than [the United States Supreme Court] has on a set of materially indistinguishable facts. Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the United States Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case.

Even if the federal court concludes that the state court applied federal law incorrectly, habeas relief is appropriate only if that application was "objectively unreasonable." *Id*.

Finally, under § 2254(d)(2), a federal court may grant a writ of habeas corpus if the state court's decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." A determination of a factual issue made by a state court, however, shall be presumed correct, and the habeas petitioner shall have the burden of rebutting the presumption of correctness by clear and convincing evidence. *See Parker*, 244 F.3d at 835-36; 28 U.S.C. § 2254(e)(1).

## B.      Standard For Ineffective Assistance Of Counsel

The Supreme Court of the United States in *Strickland v. Washington*, 466 U.S. 668

(1984), established a two-part test for determining whether a convicted person is entitled to relief on the ground that his counsel rendered ineffective assistance: (1) whether counsel's performance was deficient and "fell below an objective standard of reasonableness"; and (2) whether the deficient performance prejudiced the defense.[1] *Id*. at 687-88. A court must adhere to a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Id*. at 689-90. "Thus, a court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Id*. at 690; *Gates v. Zant*, 863 F.2d 1492, 1497 (11th Cir. 1989).

As observed by the Eleventh Circuit Court of Appeals, the test for ineffective assistance of counsel:

> has nothing to do with what the best lawyers would have done. Nor is the test even what most good lawyers would have done. We ask only whether some reasonable lawyer at the trial could have acted, in the circumstances, as defense counsel acted at trial. Courts also should at the start presume effectiveness and should always avoid second guessing with the benefit of hindsight. *Strickland* encourages reviewing courts to allow lawyers broad discretion to represent their clients by pursuing their own strategy. We are not interested in grading lawyers' performances; we are interested in whether the adversarial process at trial, in fact, worked adequately.

*White v. Singletary*, 972 F.2d 1218, 1220-21 (11th Cir. 1992) (citation omitted). Under those rules and presumptions, "the cases in which habeas petitioners can properly prevail on

---

[1]In *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993), the Supreme Court of the United States clarified that the prejudice prong of the test does not focus solely on mere outcome determination; rather, to establish prejudice, a criminal defendant must show that counsel's deficient representation rendered the result of the trial fundamentally unfair or unreliable.

the ground of ineffective assistance of counsel are few and far between." *Rogers v. Zant*, 13 F.3d 384, 386 (11th Cir. 1994).

### III.   ANALYSIS

#### A.   Grounds One and Four

In ground one, Petitioner asserts counsel rendered ineffective assistance by improperly advising him that, if he proceeded to trial, the maximum sentence to which he was subject was a 186-month term of imprisonment. (Doc. 17 at 19-21.) According to Petitioner, had he known he was subject to a maximum term of life in prison, he would have accepted the ten-year plea offer. (*Id.*) Similarly, in ground four, Petitioner argues that counsel failed to properly advise him of the maximum sentence he faced if convicted at trial. (*Id.* at 27-28.)

Petitioner raised these grounds in his Rule 3.850 motion. The state court denied relief pursuant to *Strickland*. (Doc. 13-3 at 48-49, 51.) The state court reasoned that the record established that Petitioner knew he faced a maximum term of life in prison but rejected the plea offer. (*Id.*) The state court concluded, therefore, that Petitioner failed to demonstrate prejudice resulted from counsel's purported improper advice. (*Id.*)

Petitioner has not established that the state court's denial of these grounds is contrary to, or an unreasonable application of, *Strickland.* Prior to trial, the State advised the court of the ten-year plea offer, and the trial court asked Petitioner if he knew the maximum sentence he faced if convicted at trial. (*Id.* at 59-61.) Petitioner told the court he understood he was subject to a maximum term of life in prison if convicted at trial, and he then rejected the plea offer. (*Id.*) Consequently, Petitioner knew the maximum sentence

he faced, regardless of counsel's purported advice, yet he chose to reject the ten-year plea offer. A reasonable probability, therefore, does not exist that Petitioner would have accepted the plea offer but for counsel's alleged deficient performance. Accordingly, grounds one and four are denied pursuant to § 2254(d).

## B. Ground Two

Petitioner asserts counsel rendered ineffective assistance by failing to object and request a curative instruction after the prosecutor in closing argument "continually mischaracterized the evidence as related to the [Petitioner] being identified at the time of the burglary." (Doc. 17 at 22.) In support of this ground, Petitioner complains that he was never identified as being directly tied to the burglary. (*Id*. at 22-24.) Petitioner maintains the prosecutor's statements improperly shifted the burden of proof. (*Id*. at 25.)

Petitioner raised this ground in his Rule 3.850 motion. The state court denied relief pursuant to *Strickland*. (Doc. 13-3 at 49-50.) The state court reasoned that the prosecutor's statements were fair comments on the evidence presented at trial. (*Id*.) The state court concluded, therefore, that counsel had no basis to object to the prosecutor's statements and prejudice did not result from counsel's failure to do so. (*Id*.)

"To warrant reversal of a verdict[,] prosecutorial misconduct must be so pronounced and persistent that it permeates the entire atmosphere of the trial." *United States v. Thomas*, 8 F.3d 1552, 1561 (11th Cir. 1993) (citing *United States v. McLain*, 823 F.2d 1457, 1462 (11th Cir. 1987)). "Specifically, a prosecutor's remark during closing argument must be both improper and prejudicial to a substantial right of the defendant." *Id.* (citing *United States v. Bascaro*, 742 F.2d 1335, 1353 (11th Cir. 1984)). In determining whether the

prosecutor's remarks warrant habeas relief, the proper inquiry is "whether the improper remarks were of sufficient magnitude to undermine confidence in the jury's decision. If a reviewing court is confident that, absent the improper remarks, the jury's decision would have been no different, the proceeding cannot be said to have been fundamentally unfair." *Tucker v. Kemp,* 802 F.2d 1293, 1296 (11th Cir. 1986). "[A]n attorney is allowed to argue reasonable inferences from the evidence and to argue credibility of witnesses or any other relevant issue so long as the argument is based on the evidence." *Miller v. State*, 926 So. 2d 1243, 1254-55 (Fla. 2006) (citing *Craig v. State*, 510 So. 2d 857, 865 (Fla. 1987)).

The state court's denial of this ground is not contrary to, or an unreasonable application of, *Strickland.* The prosecutor argued reasonable inferences based on the evidence presented, namely that officers followed a truck from a gas station that had been burglarized, the perpetrators fled the truck and ran into a swamp, and Petitioner was apprehended exiting the swamp area into which the perpetrators fled. Counsel, therefore, had no basis on which to object to the prosecutor's statements and a reasonable probability does not exist that the outcome of the trial would have been different had counsel done so. Accordingly, ground two is denied pursuant to § 2254(d).

## C. Ground Three

Petitioner contends counsel rendered ineffective assistance by failing to argue that the trial court was required to make a ruling on whether there was a reasonable hypothesis other than guilt when denying the motion for judgment of acquittal. (Doc. 17 at 25-26.) In support of this argument, Petitioner maintains that the case against him was purely circumstantial and the trial court, therefore, had to determine there was no

reasonable hypothesis of innocence to allow the case to go to the jury. (*Id*.)

Petitioner raised this ground in his Rule 3.850 motion. The state court denied relief pursuant to *Strickland*. (Doc. 13-3 at 50.) The state court reasoned that counsel moved for a judgment of acquittal based on the fact the State's case was purely circumstantial and the trial court ruled that in the light most favorable to the State, sufficient evidence justified sending the case to the jury. (*Id*.) The state court concluded that a reasonable probability did not exist that the trial court's ruling would have been different had counsel requested a specific ruling on the reasonable hypothesis of guilt. (*Id*.)

The state court's denial of this ground is not contrary to, or an unreasonable application of, *Strickland*. Pursuant to Florida law, "'[a] motion for judgment of acquittal should be granted in a case based wholly upon circumstantial evidence if the [S]tate fails to present evidence from which the jury could exclude every reasonable hypothesis except that of guilt.'" *Serrano v. State*, 64 So. 3d 93, 104 (Fla. 2011) (quoting *Reynolds v. State*, 934 So. 2d 1128, 1145 (Fla. 2006)). The State, however, "is not required to 'rebut conclusively every possible variation' of events which could be inferred from the evidence, but only to introduce competent evidence which is inconsistent with the defendant's theory of events.'" *Id.* (quoting *Darling v. State,* 808 So. 2d 145, 156 (Fla. 2002)). If the State meets this burden, the jury must decide "'whether the evidence fails to exclude all reasonable hypotheses of innocence . . . , and where there is substantial, competent evidence to support the jury verdict, [the Court] will not reverse.'" *Id.* (quoting *Reynolds,* 934 So. 2d at 1146).

At trial, Petitioner's defense was that he was not involved with the burglary, but

instead inadvertently happened to be at the location where police chased the perpetrators and fled into the woods because he was a convicted felon and had a gun. According to Petitioner, he went to that location, after meeting with the perpetrators of the burglary, to wait on them to bring him some stolen tire rims. (Doc. 132 at 11-14.) Coincidentally, Petitioner, who said he was supposed to wait in a parking lot near where the burglary occurred, went to almost the exact location where police chased the perpetrators after the burglary. The State presented evidence inconsistent with Petitioner's theory, including that Petitioner was similar in appearance to one of the five individuals who fled from the perpetrator's truck, Petitioner was apprehended exiting the swamp area into which the perpetrators had fled, and Petitioner told the officer he gave up when he was apprehended. Therefore, under Florida law, a judgment of acquittal was not warranted. Consequently, prejudice did not result from counsel's failure to argue that the trial court was required to make a ruling on whether there was a reasonable hypothesis other than guilt in denying the motion for judgment of acquittal. Accordingly, ground three is denied pursuant to § 2254(d).

### D. Ground Five

Petitioner asserts counsel rendered ineffective assistance by failing to depose Sergeant Muenzmay. (Doc. 17 at 29.) In support of this ground, Petitioner argues that had counsel deposed Sergeant Muenzmay, he would have known that she would testify that Petitioner told her "I give up" when he came out of the wooded swamp area. (*Id*.)

Petitioner raised this ground in his Rule 3.850 motion. The state court denied relief pursuant to *Strickland*. (Doc. 13-3 at 51-52.) The state court concluded that counsel made

a reasonable strategic decision not to depose Sergeant Muenzmay. (*Id.* at 52.) The state court reasoned that counsel reviewed Sergeant Muenzmay's three-page report, saw there was nothing in the report indicating Petitioner made a statement, and determined a deposition was not necessary. (*Id.*) The state court further noted that counsel took other depositions. (*Id.*)

The state court's denial of this ground is not contrary to, or an unreasonable application of, *Strickland*. The record reflects that defense counsel learned about Petitioner's statement to Sergeant Muenzmay after trial started. (Doc. 13- 1 at 128.) The prosecutor advised defense counsel of the statement, which was not contained in the Sergeant Muenzmay's report, when she learned about it. (*Id.* at 128-30.) Defense counsel noted that prior to trial, he had read Sergeant Muenzmay's report and concluded it was not necessary to depose her. (*Id.* at 134.) Defense counsel said that there were forty-two witnesses, some of which he had deposed. (*Id.*) The trial court allowed Sergeant Muenzmay to testify about what Petitioner said over the defense's objection.

"The question of whether an attorney's actions were actually the product of a tactical or strategic decision is an issue of fact, and a state court's decision concerning that issue is presumptively correct.'" *Ferrell v. Hall*, 640 F.3d 1199, 1223 (11th Cir. 2011) (quoting *Provenzano v. Singletary*, 148 F.3d 1327, 1330 (11th Cir. 1998)). "'[T]he question of whether the strategic or tactical decision is reasonable enough to fall within the wide range of professional competence is an issue of law not one of fact.'" *Id.* (quoting *Provenzano*, 148 F.3d at 1330). To demonstrate that counsel's decision was not reasonable, "the petitioner must show that no competent counsel would have taken the course of

action that his attorney took." *Small v. Fla. Dep't of Corr.*, 470 F. App'x 808, 812 (11th Cir. 2012) (citing *Blankenship v. Hall*, 542 F.3d 1253, 1273 (11th Cir. 2008)).

Petitioner has not established that the state court's factual determination that counsel made a reasonable strategic decision not to depose Sergeant Muenzmay is incorrect. Defense counsel reviewed Sergeant Muenzmay's report, determined that her testimony was harmless, and chose to depose other of the forty-two State witnesses. Under these circumstances, it cannot be said that no competent counsel would have chosen not to depose Sergeant Muenzmay. Consequently, counsel made a reasonable strategic decision not to depose Sergeant Muenzmay and was not deficient. Accordingly, ground five is denied pursuant to § 2254(d).

### E.    Ground Six

Petitioner maintains counsel rendered ineffective assistance by failing to depose his co-defendant. (Doc. 17 at 30.) According to Petitioner, had counsel deposed his co-defendant, he would have "found out reliable information that would have put [Petitioner] in another place" at the time of the offense. (*Id.*)

Petitioner raised this ground in his Rule 3.850 motion. The state court denied relief pursuant to *Strickland*. (Doc. 13-3 at 52-53.) The state court concluded that counsel was not deficient for failing to depose Petitioner's co-defendant and prejudice did not result from counsel's failure to do so. (*Id.* at 53.) The state court reasoned that defense counsel could not depose Petitioner's co-defendant Michael Aldridge ("Aldridge") given his right against self-incrimination because Aldridge did not enter a plea until the day before Petitioner's trial. (*Id.* at 52.) The state court further reasoned that defense counsel was

present at Aldridge's plea hearing and therefore knew what Aldridge had said at the plea hearing. (*Id.*) Finally, the state court noted that Aldridge testified at Petitioner's trial that Petitioner was not involved in the burglary. (*Id.*)

The state court's denial of this ground is not contrary to, or an unreasonable application of, *Strickland*. Aldridge testified at trial that Petitioner did not participate in the burglary. (Doc. 13-1 at 255.) Petitioner also admitted that he was near the scene of the burglary at the time of the offense. (*Id.* at 10.) It is not clear what additional testimony Aldridge could have given regarding Petitioner's whereabouts at the time of the offense. Consequently, a reasonable probability does not exist that the outcome of the trial would have been different had counsel deposed Aldridge. Accordingly, ground six is denied pursuant to § 2254(d).

F.      **Ground Seven**

Petitioner asserts counsel rendered ineffective assistance by failing to move to suppress the clothing and tools admitted at trial. (Doc. 17 at 31-32.) In support of this ground, Petitioner argues there were no fingerprints or DNA linking him to the evidence. (*Id.*)

Petitioner raised this ground in his Rule 3.850 motion. The state court denied relief pursuant to *Strickland*. (Doc. 13-3 at 53-54.) The state court concluded that counsel was not deficient for failing to move to suppress the evidence and prejudice did not result from counsel's failure to do so. (*Id.*) The state court reasoned that the tools and clothing were recovered from the scene of the burglary and the wooded area into which the perpetrators fled and thus the evidence was relevant to the offenses and admissible

despite the absence of DNA or fingerprints on them. (*Id.*)

The state court's denial of this ground is not contrary to, or an unreasonable application of, *Strickland*. The tools and clothing were recovered from the scene of the burglary and the woods into which the perpetrators fled. Although there were no fingerprints or DNA found on the items, they were relevant to the offenses and thus admissible. Therefore, counsel was not deficient for failing to move to suppress the evidence and prejudice did not result from counsel's failure to do so. Accordingly, ground seven is denied pursuant to § 2254(d).

### G.      Ground Eight

Petitioner contends counsel rendered ineffective assistance by failing to call an expert to testify regarding the damage to the store from the burglary. (Doc. 17 at 32-33.) Petitioner argues that had counsel called an expert to testify regarding the amount of damage done to the door of the store, he likely would have been convicted of a lesser offense. (*Id.*)

Petitioner raised this ground in his Rule 3.850 motion. The state court denied relief pursuant to *Strickland*. (Doc. 13-3 at 54.) The state court reasoned that even if counsel had found an expert to testify that the damage to the door was less than $1,400, the evidence was sufficient to support the charge of burglary of a structure with damage over $1,000. (*Id.*)

The state court's denial of this ground is not contrary to, or an unreasonable application of, *Strickland*. Petitioner has not offered any evidence in either this Court or the state court to demonstrate what testimony an expert would have provided.

"[E]vidence about the testimony of a putative witness must generally be presented in the form of actual testimony by the witness or on affidavit. A defendant cannot simply state that the testimony would have been favorable; self-serving speculation will not sustain an ineffective assistance claim." *United States v. Ashimi*, 932 F.2d 643, 650 (7th Cir. 1991) (footnotes omitted)). Thus, this ground is speculative.

Furthermore, even if an expert was willing to testify that the damage to the door was $750, the amount the owner said it cost to repair the door, the store owner also testified that the file cabinet damaged during the burglary had to be replaced for $350. *See* Doc. 13-1 at 55-56. The amount of damage to the door and the cabinet, therefore, was more than $1,000. Consequently, a reasonable probability does not exist that the outcome of the proceeding would have been different had counsel called an expert to testify about the damage to the door. Accordingly, ground eight is denied pursuant to § 2254(d).

H.     **Ground Nine**

Petitioner complains counsel rendered ineffective assistance by waiving arraignment on the amended charge of possession of burglary tools. (Doc. 17 at 33-34.) According to Petitioner, counsel should not have waived his right to an arraignment and instead should have requested a continuance to allow him to prepare a better defense for the charge. (*Id.*)

Petitioner raised this ground in his Rule 3.850 motion. The state court denied relief pursuant to *Strickland*. (Doc. 13-3 at 54.) The state court concluded that Petitioner failed to show deficient performance or prejudice. (*Id.*) The state court noted that counsel

advised the trial court prior to trial that he was aware of the amended information and that it did not change the substance of the case. (*Id.*)

The state court's denial of this ground is not contrary to, or an unreasonable application of, *Strickland*. Counsel advised the trial court that he did not think the addition of the charge of possession of burglary tools impacted the defense. (Doc. 13-3 at 59.) Petitioner has not explained how his defense to the charge was hindered or how his defense would have changed had counsel not waived an arraignment or sought a continuance. A reasonable probability, therefore, does not exist that the outcome of the trial would have been different had counsel not waived arraignment or sought a continuance. Accordingly, ground nine is denied pursuant to § 2254(d).

I. **Ground Ten**

Petitioner asserts appellate counsel rendered ineffective assistance by failing to argue that the prosecutor engaged in misconduct during closing argument. (Doc. 17 at 50-52.) Petitioner raised this ground in his state habeas petition. The Fifth DCA dismissed the petition. (Doc. 20-1 at 10.)

Respondents argue that this ground is procedurally barred because it was dismissed as untimely. Pursuant to the AEDPA, federal courts are precluded, absent exceptional circumstances, from granting habeas relief unless the petitioner has exhausted all means of available relief under state law. 28 U.S.C. § 2254(b); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842–44 (1999). In order to satisfy the exhaustion requirement a "petitioner must 'fairly present[ ]' every issue raised in his federal petition to the state's highest court, either on direct appeal or on collateral review." *Isaac v. Augusta SMP*

*Warden*, 470 F. App'x 816, 818 (11th Cir. 2012) (quoting *Castille v. Peoples*, 489 U.S. 346, 351 (1989)); *see also Duncan v. Henry*, 513 U.S. 364, 365 (1995) ("[E]xhaustion of state remedies requires that petitioners fairly present federal claims to the state courts in order to give the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights." (quotation omitted)). A petitioner must apprise the state court of the federal constitutional issue, not just the underlying facts of the claim or a similar state law claim. *Snowden v. Singletary*, 135 F.3d 732, 735 (11th Cir. 1998). Procedural default may be excused only in two narrow circumstances: if a petitioner can show (1) cause and prejudice or (2) actual innocence. *Murray v. Carrier*, 477 U.S. 478, 496 (1986); *Wright v. Hopper*, 169 F.3d 695, 703 (11th Cir. 1999).

Petitioner raised this ground in his state habeas petition filed on May 30, 2018. (Doc. 20-1 at 1-10.) A state petition asserting ineffective assistance of appellate counsel must be filed within two years after the judgment becomes final unless the petition alleges that the petitioner was affirmatively misled about the results of the appeal by counsel. *See* Fla. R. App. P. 9.141(5). Petitioner filed his petition more than two years after his conviction became final, and he did not assert that he was affirmatively misled about the results of the appeal. *See* Doc. 20-1 at 1-10. Petitioner's state habeas petition, therefore, was dismissed because it was untimely. Therefore, ground ten is procedurally barred absent an exception to the procedural default bar.

Petitioner has not demonstrated cause or prejudice to excuse his procedural default. Likewise, he has not established he is actually innocent. Accordingly, ground ten

is procedurally barred from review.[2]

Any of Petitioner's allegations not specifically addressed herein have been found to be without merit.

## IV.    CERTIFICATE OF APPEALABILITY

This Court should grant an application for certificate of appealability only if the Petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Lamarca v. Sec'y, Dep't of Corr.*, 568 F.3d 929, 934 (11th Cir. 2009). When a district court dismisses a federal habeas petition on procedural grounds without reaching the underlying constitutional claim, a certificate of appealability should issue only when a petitioner shows "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*; *Lamarca*, 568 F.3d at 934. However, a prisoner need not show that the appeal will succeed. *Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003).

Petitioner has not demonstrated that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. Moreover, Petitioner cannot show that jurists of reason would find this Court's procedural rulings debatable.

---

[2] Alternatively, Petitioner has not established that appellate counsel was deficient for failing to raise this ground on direct appeal or that prejudice resulted. As discussed in ground two *supra*, the prosecutor's statements in closing were not improper.

Petitioner has failed to make a substantial showing of the denial of a constitutional right. Thus, the Court will deny Petitioner a certificate of appealability.

For the foregoing reasons, it is **ORDERED AND ADJUDGED** as follows:

1. The Amended Petition for Writ of Habeas Corpus (Doc. 17) is **DENIED**, and this case is **DISMISSED WITH PREJUDICE**.

2. Petitioner is **DENIED** a Certificate of Appealability.

3. The Clerk of the Court is directed to enter judgment accordingly and close this case.

**DONE** and **ORDERED** in Orlando, Florida on May 30, 2019.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Unrepresented Party
Counsel of Record
OrlP-1